## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF TEXAS
## DALLAS DIVISION

| | | |
|---|---|---|
| **PAUL O. MOORE,** | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| **v.** | § | **Civil Action No. 3:17-CV-1449-N-BH** |
| | § | |
| **AVIS BUDGET CAR RENTAL, LLC,** | § | |
| | § | |
| **Defendant.** | § | **Referred to U.S. Magistrate Judge** |

### FINDINGS, CONCLUSIONS, AND RECOMMENDATION

By *Special Order No. 3-251*, this case was referred for full case management, including the determination of non-dispositive motions and issuance of findings of fact and recommendations on dispositive motions.   Before the Court for recommendation is *Defendant's Motion for Final Summary Judgment*, filed May 31, 2018 (doc. 14).  Based on the relevant filings and applicable law, the motion should be **GRANTED.**

## I.  BACKGROUND

Paul O. Moore (Plaintiff) sues his former employer, Avis Budget Car Rental, LLC (Defendant), to recover monetary damages for physical injuries he sustained on the job.  (doc. 1-2.)

On April 29, 2015, Plaintiff's manager instructed him to retrieve one of Defendant's rental vehicles, a Kia Soul (Kia), that was stranded at an offsite location. (*Id.* at 2.)[1]  Plaintiff asked if he could call roadside assistance to have the Kia towed, but his manager denied the request and told him to drive the vehicle back to the rental location. (*Id.*)  While Plaintiff was driving the Kia, the driver's side airbag deployed, and he sustained multiple injuries to his face and body, for which he

---

[1]  Citations to the record refer to the CM/ECF system page number at the top of each page rather than the page numbers at the bottom of each filing.

sought medical treatment. (*Id.*)   After the accident, Plaintiff subscribed to Texas workers' compensation insurance and received workers' compensation benefits for his medical claim. (docs. 15-3 at 5-10; 15-4 at 3, 19, 21).

On April 28, 2017, Plaintiff filed suit in the 116th District Court of Dallas County, Texas (Cause No. DC-17-04956). (doc. 1-2.) Defendant filed its answer to the complaint on May 25, 2017, and asserted various affirmative defenses, including statutory preclusion under § 408.001(a) of the Texas Labor Code. (doc. 1-4 at 2.)   On June 1, 2017, Defendant removed Plaintiff's action to this court on the basis of diversity jurisdiction. (doc. 1.)

On May 31, 2018, Defendant moved for summary judgment. (doc. 14.)  Plaintiff filed his response on June 11, 2018 (doc. 17), and Defendant filed its reply on July 5, 2018. (doc. 26.)  This motion is now ripe for consideration.

## II.  SUMMARY JUDGMENT STANDARD

Summary judgment is appropriate when the pleadings and evidence on file show that no genuine issue exists as to any material fact and that the moving party is entitled to judgment as a matter of law. FED. R. CIV. P. 56(a).  "[T]he substantive law will identify which facts are material." *Anderson v. Liberty Lobby, Inc*., 477 U.S. 242, 248 (1986).  A genuine issue of material fact exists "if the evidence is such that a reasonable jury could return a verdict for the non-moving party." *Id.* The movant makes a showing that there is no genuine issue of material fact by informing the court of the basis of its motion and by identifying the portions of the record that reveal there are no genuine material fact issues. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986).

In a case in which "the movant bears the burden of proof on an issue, either because he is the plaintiff or as a defendant he is asserting an affirmative defense, he must establish beyond

peradventure *all* of the essential elements of the claim or defense to warrant judgment in his favor." *Fontenot v. Upjohn Co.*, 780 F.2d 1190, 1194 (5th Cir. 1986) (emphasis in original). This is a "heavy" burden for movant. *Copeland v. D&J Constr. LLC*, No. 3:13-CV-4432-N-BH, 2016 WL 1212128, at *2 (N.D. Tex. Feb. 16, 2016), *adopted by*, 2016 WL 1182620 (N.D. Tex. Mar. 28, 2016). Once the movant makes this showing, the non-movant must then direct the court's attention to evidence in the record sufficient to establish that there is a genuine issue of material fact for trial. *Celotex Corp.*, 477 U.S. at 324. To carry this burden, the non-movant "must do more than simply show that there is some metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). The non-movant must show that the evidence is sufficient to support a resolution of the factual issue in his favor. *Anderson*, 477 U.S. at 249.

"The parties may satisfy their respective burdens by 'citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations . . . admissions, interrogatory answers, or other materials.'" *Rooters v. State Farm Lloyds*, 428 F. App'x 441, 445 (5th Cir. 2011) (citing FED. R. CIV. P. 56(c)(1)). While all of the evidence must be viewed in a light most favorable to the motion's opponent, *Anderson*, 477 U.S. at 255 (citing *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 158-59 (1970)), neither conclusory allegations nor unsubstantiated assertions satisfy the non-movant's summary judgment burden, *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994) (en banc); *Topalian v. Ehrman*, 954 F.2d 1125, 1131 (5th Cir. 1992). Summary judgment in favor of the movant is proper if, after adequate time for discovery, the motion's opponent fails to establish the existence of an element essential to his case and as to which he will bear the burden of proof at trial. *Celotex*, 477 U.S. at 322-23.

3

Generally, the courts liberally construe the pleadings of a *pro se* plaintiff. *See, e.g., Haines v. Kerner*, 404 U.S. 519, 520-21 (1972) (per curiam); *Miller v. Stanmore*, 636 F.2d 986, 988 (5th Cir. 1981). But the courts have no obligation under Rule 56 "to sift through the record in search of evidence to support a party's opposition to summary judgment." *Adams v. Travelers Indem. Co.*, 465 F.3d 156, 164 (5th Cir. 2006) (quoting *Ragas v. Tenn. Gas Pipeline Co.*, 136 F.3d 455, 458 (5th Cir. 1998)). Instead, a party opposing summary judgment must "identify specific evidence in the record" that supports the challenged claims and "articulate the precise manner in which that evidence supports [a challenged] claim." *Ragas*, 136 F.3d at 458 (citing *Forsyth v. Barr*, 19 F.3d 1527, 1537 (5th Cir. 1994)).[2]

### III. ANALYSIS

Defendant moves for summary judgment on the ground that Plaintiff's claim is precluded by the exclusive remedy provision of the Texas Workers' Compensation Act (TWCA). (doc. 15 at 3.)

#### A.    **Exclusive Remedy Defense**

The TWCA "provides the exclusive remedy for injuries sustained by an employee in the course of his employment as a result of his employer's negligence." *Ward v. Bechtel Corp.*, 102 F.3d 199, 203 (5th Cir. 1997); TEX. LAB. CODE § 408.001(a) (West 2015) ("Recovery of workers' compensation benefits is the exclusive remedy of an employee covered by workers' compensation insurance coverage . . . against the employer or an agent or employee of the employer for the death of or a work-related injury sustained by the employee."). To avail itself of this protection, the

---

[2] Plaintiff's sworn complaint may serve as competent summary judgment evidence "to the extent that it comports with the requirements of Fed. R. Civ. P. 56(e)." *King v. Dogan*, 31 F.3d 344, 346 (5th Cir.1994); *accord Barnes v. Johnson*, 204 F. App'x 377, 378 (5th Cir.2006).

employer must be a subscriber under the TWCA, meaning it " either obtained an approved insurance policy or secured the payment of compensation through self-insurance as provided under the [TWCA]." *Wingfoot Enters. v. Alvarado*, 111 S.W.3d 134, 137 (Tex. 2003) (citing TEX. LAB. CODE § 401.011(44)); *Thawar v. 7-Eleven, Inc.*, 165 F. Supp. 3d 524, 531 (N.D. Tex. 2016). The injury sustained by the employee must also have occurred during the course and scope of his employment, including when "the employee is directed in the employee's employment to proceed from one place to another place." TEX. LAB. CODE § 401.011(12)(A)(iii).

Defendant submits the declaration of Peter Miller, the Central Area Safety Manager of Avis Budget Group, Inc., which states "[a]s of April 29, 2015, [Defendant] was a subscribing employer to a workers' compensation policy of insurance valid under the [TWCA]." (doc. 15-4 at 3.) A copy of the workers' compensation policy by American Casualty Company of Reading, PA (CNA) shows the policy applied to workers in Texas. (*Id.* at 3, 6-7.) The declaration avers that Plaintiff was employed by Defendant at the time of the accident, after which Plaintiff submitted a workers' compensation claim to CNA and received medical treatment and income benefits for his work-related injuries. (*Id.* at 3, 9-10, 12-17.) Defendant also included a copy of CNA's Acknowledgment of Initial Report of Loss. (*Id.* at 21.)

Defendant has presented competent summary judgment evidence showing that it was subscribed to Texas workers' compensation insurance on the date of Plaintiff's injury; his injury was sustained in the course and scope of employment; and he received medical and income benefits through Defendant's workers' compensation insurer. (*See* doc. 15-4.) Because it has presented competent summary judgment evidence on each of the necessary elements for its exclusive remedy defense under the TWCA, Defendant has met its summary judgment burden. *Fontenot,* 780 F.2d at

5

1194; *Cf. Bank Of Louisiana v. Aetna U.S. Healthcare Inc.*, 468 F.3d 237, 242 (5th Cir. 2006) (explaining that when a summary judgment motion is based on the affirmative defense of statutory preemption, the moving party has the burden of proving all the elements of that defense). Accordingly, the burden shifts to Plaintiff to identify evidence in the record that raises a genuine issue of material fact. *Celotex*, 477 U.S. at 322-24; *Little*, 37 F.3d at 1075.

Plaintiff does not dispute any of the facts or evidence presented by Defendant for its exclusive remedy defense under the TWCA. Instead, he argues for the first time that the circumstances surrounding his injury were "intentional" because Defendant and his manager knew that the Kia "had problems." (doc. 17 at 2.)[3]

## B.    <u>Intentional Torts Exception</u>

The TWCA does not bar claims against an employer for intentional torts. *Bradley v. Phillips Petroleum Co.*, 527 F. Supp. 2d 625, 641 (S.D. Tex. 2007), *aff'd sub nom.*, 337 F. App'x 397 (5th Cir. 2009). Moreover, "only truly intentional torts fall outside the exclusive remedies regime of the TWCA." *Id.* (citing *Reed Tool Co. v. Copelin*, 689 S.W.2d 404, 406 (Tex. 1985)) ("[T]he common law liability of the employer cannot be stretched to include accidental injuries caused by the gross, wanton, willful, deliberate, intentional, reckless, culpable, or malicious negligence, breach of statute,

---

[3] Because Plaintiff is proceeding *pro se*, his pleadings are to be provided "a liberal construction." *Brown v. Sudduth*, 675 F.3d 472, 477 (5th Cir. 2012). As a general rule, "[a] claim which is not raised in the complaint, but, rather is raised only in response to a motion for summary judgment is not properly before the court." *Cutrera v. Bd. of Supervisors of La. State Univ.*, 429 F.3d 108, 113 (5th Cir. 2005); *see also Hoffman v. L & M Arts*, 838 F.3d 568, 576 (5th Cir. 2016) ("[A] district court considering a defendant's motion for summary judgment does not err by disregarding a theory of liability asserted in the plaintiff's response that was not pleaded as required by the applicable pleading standard."). Nevertheless, the Fifth Circuit has held that courts should construe new theories in a summary judgment response as a motion to amend. *Stover v. Hattiesburg Pub. Sch. Dist.*, 549 F.3d 985, 989 n.2 (5th Cir. 2008); *Debowale v. U.S. Inc.*, 62 F.3d 395 (5th Cir. 1995) (per curiam) (holding that "[t]he district court should have construed [the plaintiff's] *Bivens* claim, raised for the first time in his response to the summary judgment motion, as a motion to amend the complaint under [Rule] 15(a) and granted it"); *Cash v. Jefferson Assocs., Inc.*, 978 F.2d 217, 218 (5th Cir. 1992) (deciding that a response to a motion to dismiss in which plaintiff first alleged that she had been willfully discriminated against should be treated as a motion to amend). "This is particularly true where . . . the litigant is *pro se* and has not yet made any amendments to her complaint." *Riley v. Sch. Bd. Union Par.*, 379 F. App'x 335, 341 (5th Cir. 2010).

or other misconduct of the employer short of genuine intentional injury.")  "The fundamental difference between negligent injury, or even grossly negligent injury, and intentional injury is the specific intent to inflict injury." *Reed Tool Co.*, 689 S.W.2d at 406.  In certain cases, "the intent to injure can be inferred from the acts alleged, e.g., . . . a physical beating."  *Bradley*, 527 F. Supp. 2d at 643-44 (quoting *Durbin v. City of Winnsboro*, 135 S.W.3d 317, 324 (Tex.App.-Texarkana 2004, pet. denied) (holding that allegations that the defendant failed to fix mechanical defects and operated a plant with disregard to human safety may show that it "behaved immorally, unethically, grossly negligently, or recklessly, but do not suggest that [the defendant] intentionally blew up its own plant with the intent to injure [the plaintiffs] specifically")).

Plaintiff may avoid summary judgment only if he brings forward evidence demonstrating that a genuine issue of material fact exists as to his intentional tort claim. *Davidson v. FMC Technologies, Inc.*, 2016 WL 3944765, at *8 (S.D.Tex., Jul. 7, 2016) (citing *id.*).  He provides no supporting evidence or facts beyond bald, unsubstantiated and unsworn allegations of intentional conduct, however.[4]  *See Forsyth*, 19 F.3d at 1533 (holding that "unsubstantiated assertions are not competent summary judgment evidence").  He claims that his manager and Defendant knew that the Kia "had problems," but he does not allege, much less present evidence showing, that they wanted him to be injured from driving the Kia, or that they were substantially certain that he would be injured as a result of that work assignment. *Curlee v. United Parcel Serv., Inc. (Ohio)*, No.

---

[4] Plaintiff's unverified response contains factual statements that were not included in his verified complaint. Attorneys and *pro se* litigants alike must strictly comply with the requirement of sworn statements, and courts should require correction of any deficiencies in supporting papers that they intend to rely on as evidence. *See Gordon v. Watson*, 622 F.2d 120, 123 (5th Cir. 1980) (per curiam).  Because Plaintiff's response is not verified or sworn, the court cannot consider or rely on the allegations in it as competent summary judgment evidence. *Johnston v. City of Houston, Tex.*, 14 F.3d 1056, 1060 (5th Cir. 1994) ("Unsworn pleadings, memoranda or the like are not, of course, competent summary judgment evidence.") (citation omitted).

3:13-CV-00344-P, 2014 WL 11516540, at *4 (N.D. Tex. Aug. 29, 2014) (quoting *Reed Tool*, 689 S.W.2d at 406) ("To show that an action is excluded from the TWCA, [the plaintiff] must show that 'the actor desire[d] to cause consequences of his act, or that he believe[d] that the consequences are substantially certain to result from it.'").  Even if liberally construed as an amendment to his complaint, Plaintiff's conclusory allegations of intent are not sufficient to demonstrate a genuine issue of material fact regarding whether the intentional tort exception to the TWCA's exclusive remedy defense is applicable.[5]  Because Plaintiff presents no evidence to suggest that the injury he suffered was the result of any intentional conduct, he has failed to meet his summary judgment burden. *See, e.g., Arredondo v. Estrada*, 120 F. Supp.3d 637, 649 (S.D. Tex. 2015) (explaining that claims for negligent hiring, supervision, and training were properly dismissed under TWCA's exclusive remedy provision because the plaintiff failed to demonstrate that acts relating to negligent employment of the plaintiff were committed intentionally).

It is undisputed that Plaintiff's injury was sustained while working for Defendant, and it was a valid workers' compensation insurance subscriber at the time Plaintiff sustained the injury. Plaintiff has not identified a genuine issue of material fact as whether his claims against Defendant are barred by the exclusive remedy provision of the TWCA, and it is entitled to summary judgment. *See, e.g.*, *Whitfield v. Target Corporation*, 2014 WL 11460389, at *2 (N.D. Tex., Oct. 15, 2014) (granting summary judgment for the defendant because there was undisputed evidence that the TWCA barred the plaintiff's negligence claims).

---

[5]  Also for the first time in his response, Plaintiff asserts a claim for punitive damages. (doc. 17 at 2).  Under the TWCA, a statutory exception to the exclusive-remedy provision exists if an employee's death is caused by an intentional act or omission or by gross negligence. TEX. LAB. CODE § 408.001(b); *Port Elevator-Brownsville, L.L.C. v. Casados*, 358 S.W.3d 238, 241 (Tex. 2012).  Because Plaintiff's injury was not fatal, this exception does not apply, and any claim for punitive damages is also foreclosed under the TWCA.

## IV.  RECOMMENDATION

Defendant's motion for summary judgment should be **GRANTED,** and Plaintiff's claims

against Defendant should be **DISMISSED with prejudice**.

**SO RECOMMENDED** on this 5th day of November, 2018.

IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

## INSTRUCTIONS FOR SERVICE AND
## NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of these findings, conclusions and recommendation shall be served on all parties in
the manner provided by law.  Any party who objects to any part of these findings, conclusions and
recommendation must file specific written objections within 14 days after being served with a copy.
*See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).  In order to be specific, an objection must identify
the specific finding or recommendation to which objection is made, state the basis for the objection,
and specify the place in the magistrate judge's findings, conclusions and recommendation where the
disputed determination is found.  An objection that merely incorporates by reference or refers to the
briefing before the magistrate judge is not specific.  Failure to file specific written objections will
bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate
judge that are accepted or adopted by the district court, except upon grounds of plain error.  *See*
*Douglass v. United Servs. Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

9